## MORTIMER *v.* DOELGER *et al.*

*(Superior Court of New York City, General Term.* November 3, 1890.)

APPEAL—REVIEW—WEIGHT OF EVIDENCE.
Where the evidence is conflicting, and neither side asks for the direction of a verdict, and the case is submitted under a charge to which no exception is taken, the verdict is conclusive.

Appeal from trial term.

Action by Thomas Mortimer against Jacob Doelger and Anthony Doelger. There was a verdict for plaintiff. From the judgment entered thereon defendants appeal.

Argued before FREEDMAN and INGRAHAM, JJ.

*Michael C. Gross,* for appellants.    *Hugh Coleman,* for respondent.

FREEDMAN, J. This action was brought to recover for services rendered by the plaintiff to the defendants in procuring, under an employment for that purpose, purchasers of beer manufactured by the defendants. The real issue litigated at the trial was as to the rate of compensation to which plaintiff was entitled. Plaintiff claimed that his agreement with the defendants was that he should receive 50 cents for each and every barrel sold through his procurement of the purchaser. According to the contention of the defendants, plaintiff was to receive $50 for each customer. There was quite a conflict of evidence, direct and circumstantial, upon this issue. Neither side asked for the direction of a verdict on the ground of any alleged preponderance of the evidence, or any other ground. Both parties, in effect, conceded that there was sufficient evidence to require the submission of the case to the jury, and each took the chance of a favorable verdict, which was to conclude the other side upon the facts; and the case was submitted to the jury under a charge which carefully guarded the respective rights of the parties, and to which no exception was taken. Under these circumstances, the verdict of the jury, which was for the plaintiff, cannot be disturbed. *Keeler* v. *Dyeing Establishment*, 54 N. Y. Super. Ct. 369. The judgment and order should be affirmed, with costs.